O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMANTHA BURNETT, | ) | Case No. EDCV 12-01884 VAP (OPx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING COMPLAINT** |
| SECURITY INVESTMENT GROUP LLC, etc., et al., | ) | |
| Defendants. | ) | |

On November 8, 2012, Plaintiff Samantha Burnett filed a Complaint with the following four claims:

1.   Setting aside sale;

2.   Cancellation of trustee's deed;

3.   Quiet title;

4.   Rescission of deed of trust.

(Compl. (Doc. No. 2).)

On November 9, 2012, the Court issued an Order to Show Cause, in writing, no later than November 16, 2012, why the Complaint should not be dismissed for lack of subject matter jurisdiction.

1    Plaintiff filed a response on November 16, 2012 (Doc.
2  No. 8) ("Plaintiff's Response").  With her response,
3  Plaintiff also moved for a preliminary injunction
4  enjoining defendants from causing a writ of possession,
5  foreclosing, or selling Plaintiff's property, located in
6  San Jacinto, California.
7
8    Plaintiff alleges that the Court has subject matter
9  jurisdiction over this action pursuant to: 1) 28 U.S.C. §
10  1331; 2) 28 U.S.C. § 1332; 3) 28 U.S.C. § 1345; 4) 28
11  U.S.C. 1355(a); 5) 31 U.S.C. § 3732(a) and (b); and 6) 28
12  U.S.C. § 1367.  For the reasons set forth below, the
13  Court finds that it does not have subject matter
14  jurisdiction over this action.
15
16    First, Plaintiff alleges that the Court has subject
17  matter jurisdiction pursuant to federal question
18  jurisdiction, 28 U.S.C. § 1331.  Plaintiff alleges that
19  her claims against Defendants include violations of
20  federal statutes including: 1) The Real Estate Settlement
21  Procedures Act, 12 U.S.C. §§ 2601, et seq.; 2) The Fair
22  Debt Collection Practices Act, 15 U.S.C. §§ 1692, et
23  seq.; 3) The Truth in Lending Act, 15 U.S.C. §§ 1601, et
24  seq.; 4) a claim under Title 31 of the U.S. Code; and 5)
25  various crimes under Title 18 of the U.S. Code.
26  (Plaintiff's Response at 6.)  Plaintiff, however, has not
27
28

1  made these allegations in her Complaint. Plaintiff,
2  therefore, has not alleged federal question jurisdiction.
3
4      Second, Plaintiff alleges that the Court has
5  jurisdiction based on diversity, 28 U.S.C. § 1332.
6  (Plaintiff's Response at 6.) An action based on
7  diversity must be between citizens of different States
8  and the amount in controversy must exceed $75,000. 28
9  U.S.C. § 1332(a). Although there are facts in the
10 Complaint that suggest that the amount in controversy
11 exceeds $75,000, Plaintiff does not allege diversity of
12 citizenship between the parties. Therefore, the Court
13 does not have jurisdiction pursuant to diversity.
14
15     Third, Plaintiff alleges jurisdiction pursuant to 28
16 U.S.C. § 1345 (Plaintiff's Response at 7), which states
17 that "the district courts shall have original
18 jurisdiction of all civil actions . . . commenced by the
19 United States, or by any agency or officer thereof
20 expressly authorized to sue by Act of Congress." Since
21 Plaintiff is not the United States, nor an authorized
22 agency, Plaintiff's allegation fails. The Court does not
23 have jurisdiction pursuant to 28 U.S.C. § 1345.
24
25     Fourth, Plaintiff alleges jurisdiction pursuant to 28
26 U.S.C. 1355(a) (Plaintiff's Response at 7), which states
27 that "[t]he district courts shall have original
28

jurisdiction . . . of any action or proceeding for the
recovery or enforcement of any fine, penalty, or
forfeiture, pecuniary or otherwise, incurred under any
Act of Congress . . . ."  Here, there is no allegation of
forfeiture, pursuant to any congressional act.  The Court
does not have jurisdiction pursuant to 28 U.S.C. §
1355(a).

     Fifth, Plaintiff alleges that the Court has
jurisdiction pursuant to 31 U.S.C. § 3732(a) and (b).
(Plaintiff's Response at 7.)  Section 3732(a) states that
"[a]ny action [for false claims] may be brought in any
judicial district in which the defendant . . . resides,
transacts business, or in which any [false claims act]
occurred."  A person bringing a civil action for false
claims must bring the claim in the name of the
Government.  31 U.S.C. § 3730(b).  Plaintiff has not
alleged an action for false claim and has not brought the
claim in the name of the Government.  Section 3732(b)
states that the Court "shall have jurisdiction over any
action brought . . . for the recovery of funds paid by a
State or local government if the action arises from the
same transaction or occurrence" as an action brought for
false claims.  Again, this is not an action for false
claims, and there is no allegation of recovery of funds
paid by the government.  The Court does not have
jurisdiction pursuant to 31 U.S.C. § 3732(a) or (b).

1    Sixth, Plaintiff alleges supplemental jurisdiction

2 over her state law claims, pursuant to 28 U.S.C. § 1367.

3 (Plaintiff's Response at 7.)  The Court may only exercise

4 supplemental jurisdiction over "claims that are so

5 related to claims in the action within such original

6 jurisdiction . . . ." 28 U.S.C. § 1367(a).  As discussed

7 above, the Court does not have original jurisdiction in

8 this action.  Therefore, the Court may not exercise

9 supplemental jurisdiction.

10

11    For the reasons set forth above, the Court does not

12 have subject matter jurisdiction over this action.  Since

13 the Court does not have jurisdiction, Plaintiff's motion

14 for preliminary injunction is dismissed as moot.

15

16    Accordingly, Plaintiff's Complaint is DISMISSED

17 WITHOUT PREJUDICE to its prosecution in the state court.

18

19

20

Dated: November 20, 2012       _____
21                                VIRGINIA A. PHILLIPS
22                          United States District Judge

23

24

25

26

27

28

5