O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA BURNETT, | Case No. EDCV 12-01884 VAP (OPx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT** |
| SECURITY INVESTMENT GROUP LLC, etc., et al., | |
| Defendants. | |

On November 8, 2012, Plaintiff Samantha Burnett filed a Complaint with the following four claims:
1. Setting aside sale;
2. Cancellation of trustee's deed;
3. Quiet title;
4. Rescission of deed of trust.
(Compl. (Doc. No. 2).)

On November 9, 2012, the Court issued an Order to Show Cause, in writing, no later than November 16, 2012, why the Complaint should not be dismissed for lack of subject matter jurisdiction.

1  Plaintiff filed a response on November 16, 2012 (Doc.
2 No. 8) ("Plaintiff's Response").  With her response,
3 Plaintiff also moved for a preliminary injunction
4 enjoining defendants from causing a writ of possession,
5 foreclosing, or selling Plaintiff's property, located in
6 San Jacinto, California.

8  Plaintiff alleges that the Court has subject matter
9 jurisdiction over this action pursuant to: 1) 28 U.S.C. §
10 1331; 2) 28 U.S.C. § 1332; 3) 28 U.S.C. § 1345; 4) 28
11 U.S.C. 1355(a); 5) 31 U.S.C. § 3732(a) and (b); and 6) 28
12 U.S.C. § 1367.  For the reasons set forth below, the
13 Court finds that it does not have subject matter
14 jurisdiction over this action.

16  First, Plaintiff alleges that the Court has subject
17 matter jurisdiction pursuant to federal question
18 jurisdiction, 28 U.S.C. § 1331.  Plaintiff alleges that
19 her claims against Defendants include violations of
20 federal statutes including: 1) The Real Estate Settlement
21 Procedures Act, 12 U.S.C. §§ 2601, et seq.; 2) The Fair
22 Debt Collection Practices Act, 15 U.S.C. §§ 1692, et
23 seq.; 3) The Truth in Lending Act, 15 U.S.C. §§ 1601, et
24 seq.; 4) a claim under Title 31 of the U.S. Code; and 5)
25 various crimes under Title 18 of the U.S. Code.
26 (Plaintiff's Response at 6.)  Plaintiff, however, has not

made these allegations in her Complaint.  Plaintiff, therefore, has not alleged federal question jurisdiction.

Second, Plaintiff alleges that the Court has jurisdiction based on diversity, 28 U.S.C. § 1332. (Plaintiff's Response at 6.)  An action based on diversity must be between citizens of different States and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  Although there are facts in the Complaint that suggest that the amount in controversy exceeds $75,000, Plaintiff does not allege diversity of citizenship between the parties.  Therefore, the Court does not have jurisdiction pursuant to diversity.

Third, Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1345 (Plaintiff's Response at 7), which states that "the district courts shall have original jurisdiction of all civil actions . . . commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."  Since Plaintiff is not the United States, nor an authorized agency, Plaintiff's allegation fails.  The Court does not have jurisdiction pursuant to 28 U.S.C. § 1345.

Fourth, Plaintiff alleges jurisdiction pursuant to 28 U.S.C. 1355(a) (Plaintiff's Response at 7), which states that "[t]he district courts shall have original

jurisdiction . . . of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress . . . ."  Here, there is no allegation of forfeiture, pursuant to any congressional act.  The Court does not have jurisdiction pursuant to 28 U.S.C. § 1355(a).

Fifth, Plaintiff alleges that the Court has jurisdiction pursuant to 31 U.S.C. § 3732(a) and (b). (Plaintiff's Response at 7.)  Section 3732(a) states that "[a]ny action [for false claims] may be brought in any judicial district in which the defendant . . . resides, transacts business, or in which any [false claims act] occurred."  A person bringing a civil action for false claims must bring the claim in the name of the Government.  31 U.S.C. § 3730(b).  Plaintiff has not alleged an action for false claim and has not brought the claim in the name of the Government.  Section 3732(b) states that the Court "shall have jurisdiction over any action brought . . . for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence" as an action brought for false claims.  Again, this is not an action for false claims, and there is no allegation of recovery of funds paid by the government.  The Court does not have jurisdiction pursuant to 31 U.S.C. § 3732(a) or (b).

Sixth, Plaintiff alleges supplemental jurisdiction over her state law claims, pursuant to 28 U.S.C. § 1367. (Plaintiff's Response at 7.) The Court may only exercise supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction . . . ." 28 U.S.C. § 1367(a). As discussed above, the Court does not have original jurisdiction in this action. Therefore, the Court may not exercise supplemental jurisdiction.

For the reasons set forth above, the Court does not have subject matter jurisdiction over this action. Since the Court does not have jurisdiction, Plaintiff's motion for preliminary injunction is dismissed as moot.

Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE to its prosecution in the state court.

Dated: November 20, 2012

VIRGINIA A. PHILLIPS
United States District Judge